UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TARKETT USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:24-cv-03102-MDH |
| | ) |
| MAPEI CORP., | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BERRY GLOBAL GROUP, INC. | ) |
| | ) |
| Third-Party Defendant. | ) |

## ORDER

Before the Court is Berry Global, Inc.'s Motion to Dismiss Second Amended Third-Party Complaint. (Doc. 112). Berry has also filed two motions for protective order moving the Court to stay its obligations to respond to discovery until the Court determines jurisdiction (Doc. 92) and protect it from complying with a subpoena. (Doc. 174).

## BACKGROUND

Plaintiff Tarkett filed this lawsuit against MAPEI for damages arising out of the installation of flooring at the Fort Leonard Wood Hospital. Tarkett's customer, Flooring Systems, Inc. ("FSI"), applied Tarkett's tile to the floor using an adhesive – moisture resistant tape or MRT – that MAPEI sold to Tarkett. MAPEI purchased the MRT that was used in the installation from Berry. MAPEI has filed a third-party complaint against Berry for any alleged damages that the tape may have caused.

1

As alleged in the second amended third-party complaint, Berry sells its adhesive tape products through distributors, retailers and resellers, like MAPEI, including the tape at issue. However, Berry states it had no contact with Missouri with regard to the sale of the tape, that it did not directly sell the tape to MAPEI for this project, and that it has no agreement with Tarkett. Berry contests jurisdiction, along with its motion to dismiss for failure to state a claim.

Berry is organized in Delaware and headquartered in Indiana. MAPEI is incorporated in Florida, with its principal place of business and headquarters in Illinois. Berry manufactures and supplies adhesive tape products. Berry contends it does not design or manufacture tape, or any products, in Missouri. MAPEI alleges, however, that Berry sells products nationally, including in Missouri, and that its products can also be found in "big box stores" like Wal-Mart and Lowes. In addition, MAPEI states it was Berry's product that was used in the installation at issue and as a result the product caused damage in Missouri.

In addition, MAPEI alleges Berry targets the sale of its adhesive tape products into Missouri through its multiple distribution chains. Further, MAPEI alleges Berry did not restrict or prohibit the resale of tape to parties in Missouri. MAPEI contends Berry knew, or should have known, anticipated, and understood that its products would be sold and/or used in Missouri and that it could be brought into court in Missouri to answer a civil lawsuit related to its adhesive products.

Specific to the issues presented in this case, MAPEI alleges it asked Berry to identify any products Berry sold that would be suitable for use with rubber tiles. MAPEI claims Berry represented that based upon its testing, as well as in written materials, that the tape was designed for and suitable for bonding and laminating to rubber. The second amended third-party complaint

alleges Berry's written materials do not disclose that the tape is manufactured with toluene or other known rubber degradants and Berry never revealed to MAPEI that the tape could degrade or damage rubber tiles. MAPEI states that as a result of Berry's representations it purchased the tape from Berry for the purpose of reselling the tape to MAPEI's customers for use with rubber tiles. MAPEI alleges it resold the tape to Tarkett, and Tarkett included the tape in the flooring system it supplied to FSI.

In response, Berry contends MAPEI purchased the tape at issue for a different customer and it was manufactured according to MAPEI's specifications for that specific customer - Nora Systems, Inc – not Tarkett. Berry states it specifically qualified the tape for use by Nora and labeled the tape for Nora at MAPEI's instruction. Berry contends it sold the tape at issue here directly to MAPEI and that it was custom made for MAPEI according to their specifications. Berry alleges this type of tape is not sold in retail stores and that it has never designed, developed, qualified, or sold any tape to be sold to, or used by, Tarkett. It is undisputed that Berry is not a party to any contracts with Tarkett, FSI, or JE Dunn. However, it is Berry's product that was ultimately used in the project.

MAPEI filed its third-party complaint against Berry for contribution seeking reimbursement for economic damages MAPEI might owe Tarkett. Tarkett alleges that MAPEI supplied tape to Tarkett, that the tape did not properly adhere to its rubber flooring system during installation, and that MAPEI should be responsible for the economic damages associated with replacing the flooring pursuant to a warranty provision in their contract. In turn, MAPEI claims Berry should indemnify it with respect to Tarkett's claims and be held liable for any damages to the extent MAPEI is found liable.

The Second Amended Third-Party Complaint brings the following causes of action: Count I – Breach of Implied Warranty of Merchantability; Count II – Breach of Express Warranty; Count III – Breach of Indemnity Contract; Count IV – Strict Products Liability; Count V – Negligence, Gross Negligence and Recklessness; and Count VI – Common Law/Equitable/Non-Contractual Indemnity.

**JURISDICTION**

MAPEI has the burden to show that personal jurisdiction exists over Berry. See *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011); and *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) ("When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists."). To survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), Plaintiffs must make a prima facie showing of personal jurisdiction "by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011). Plaintiffs must make a prima facie showing that (1) Missouri's long-arm statute extends to Defendants' alleged conduct, and (2) Defendants have "minimum contacts" with Missouri "such that the Court's exercise of jurisdiction would be fair and in accordance with due process." *Soo Line R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir. 1991).

There are five factors to consider in determining whether minimum contacts exist: 1) the nature and quality of Defendant's contacts with Missouri; 2) the quantity of such contacts; 3) the relationship of the cause of action to the contacts; 4) the interest of Missouri in providing a forum; and 5) the relative convenience to the parties. *Dairy Farmers of America, Inc. v. Bassett & Walker*

4

*International, Inc.*, 702 F.3d 472, 477 (8th Cir. 2012) (internal quotations omitted). However, the "fundamental inquiry is whether the Defendant has purposefully availed itself of the benefits and protections of the forum state to such a degree that it should reasonably anticipate being haled into court there." *Viasystems, Inc.*, 646 F.3d at 594.

When relying on pleadings and affidavits to decide a motion to dismiss for lack of personal jurisdiction, this Court should view the facts in the light most favorable to the nonmoving party and resolve all conflicts in its favor. *Epps v. Stewart Info Serv. Corp.*, 327 F.3d 642, 646-7 (8th Circ. 2003).

Berry argues that this Court lacks jurisdiction over it under the Missouri long arm statute and under the requirements of due process. Berry states it did not have any contacts with Missouri. As such, Berry contends it has not conducted activities within the State and has not purposefully availed itself to the privilege of conducting activities within Missouri. However, MAPEI's second amended third-party complaint alleges Berry's product was placed into the stream of commerce as part of a vast distribution and resale network, that the tape failed in Missouri, and as a result Berry is subject to jurisdiction in Missouri. MAPEI further alleges Berry sells other products in Missouri and has purposefully availed itself of the privileges of doing business in Missouri by placing its products in Missouri directly through retailers and through resale distribution networks.

Here, it is alleged that Berry's manufactured tape product made its way into this forum via Berry's distribution network. MAPEI argues this is sufficient for a Court to assert jurisdiction over Berry. Berry cites to *Morningside Church, Inc. v. Rutledge*, 9 F. 4th 615 (8th Cir. 2021) in support of its motion to dismiss. The Court finds the facts in *Morningside* are distinguishable. In *Morningside*, plaintiffs sued several out of state defendants for violations of the First, Fifth, and

5

Fourteenth Amendments. *Id.* at 617. Plaintiffs alleged Defendants' letters and information requests directed at them in Missouri established jurisdiction. There was no product at issue and no allegations Defendants had done any business in Missouri. Here, MAPEI alleges Berry places products in stores in Missouri and also that the tape at issue was provided for resell to be used in Missouri. MAPEI claims it conducts business with Berry and Berry knew MAPEI conducted business in multiple states. MAPEI claims Berry uses other distributors to sell these products across the country. MAPEI alleges Berry has a nationwide distribution network and was aware its products could, and would, be placed in Missouri through its distribution.

The Court finds the facts in this case are more similar to *Clune v. Alimak AB*, 233 F.3d 538 (8th Cir. 2000). In *Clune*, a foreign manufacturer had a nationwide distribution system for its product and the Eighth Circuit found that the evidence showed that the seller knew, or should have known, that its products would make it to Missouri. *Id.* at 544. Here, MAPEI has alleged that Berry had a distribution system, as well as sold products through national big box chains like Lowe's, and as a result established the minimum contacts needed to assert jurisdiction.

Further, MAPEI has alleged that Berry's acts, by placing a defective product into the distribution network, produced consequences in Missouri and are covered by the tortious act provision of the Missouri long arm statute. Citing *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo. 2010); and *Alexander v. Suzuki Motor of Am., Inc.*, No. 4:17CV1942 JCH, 2018 WL 3819037 (E.D. Mo. Aug. 10, 2018).

The Court recognizes that this case does not solely involve claims of product liability and is unique regarding the tape that is alleged to have caused the damage versus other products Berry has directly placed for sale in Missouri. Nonetheless, MAPEI has alleged Berry has placed its

product into Missouri, through its vast distribution network, retail stores, and third-party sellers and the Court finds this is sufficient to establish jurisdiction. MAPEI further alleges Berry stated in its written materials that the tape was designed for use with rubber materials and that it knew its product could be resold for that purpose.

Here, MAPEI has alleged Berry sells its products in Missouri, that it has a distribution network of its products that reaches Missouri, and that it specifically represented its product to MAPEI which it knew, or should have known, would be resold in Missouri. The Court finds the allegations are sufficient to show that Berry has purposefully availed itself of the benefits and protections of Missouri that it should reasonably anticipate being haled into court here. Finally, the Court does not find any inconvenience or undue burden that would prevent this case from being litigated by the parties in this Court.

Wherefore, the Court **DENIES** the motion to dismiss based on jurisdiction. Whether MAPEI may ultimately prevail on any of its theories is not the issue before the Court. Rather, MAPEI has alleged enough to proceed on its allegations of Berry's conduct based upon the alleged contacts and activities in Missouri.

## MOTION TO DISMISS

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020). To determine whether a complaint states a facially plausible claim, this Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor. *Id*. The simplified notice pleading standard merely requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

7

Case 6:24-cv-03102-MDH    Document 184    Filed 06/26/25    Page 7 of 9

*Id*. at 938-39 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982) (dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."). Here, MAPEI has met this pleading standard in pleading its claims against Berry. Accordingly, Berry's motion to dismiss under Rule 12(b)(6) is also denied.

MAPEI has brought claims for breach of implied warranty of merchantability; breach of express warranty; breach of indemnity contract; strict products liability; negligence, gross negligence and recklessness; and common law/equitable/non-contractual indemnity. The issue before the Court is not whether MAPEI may ultimately prevail on any of these claims but rather whether they have alleged enough to survive a motion to dismiss. Berry's arguments regarding the labeling, the product, the agreements at issue, and its references to affidavits and documents create factual disputes in defense of the claims presented by MAPEI. However, they do not provide the basis to dismiss any such claims at this time.

This same analysis applies to the parties' arguments regarding the terms and conditions of the contract, the warranties that may, or may not apply, and the alleged defect of the product at issue. All of these arguments are factual disputes and not the basis for a motion to dismiss. The Court finds the second amended third-party complaint sufficiently pleads its causes of action and puts Berry on notice of the claims. The motion to dismiss for failure to state a claim is denied.

## DECISION

Wherefore, after a review of the record before the Court, the Court **DENIES** the motion to dismiss. (Doc. 112). The Court also **DENIES as moot** Berry's motions for protective order. (Docs. 92 and 174).

**IT IS SO ORDERED.**

Dated:  June 26, 2025

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**