IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TARKETT USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:24-cv-03102-MDH |
| | ) | |
| MAPEI CORP. et al, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is non-party Gavin Robinson's Motion to Quash Subpoena. (Doc. 223). Mr. Robinson filed Suggestions in Support (Doc. 224) and Defendant MAPEI Corporation filed Suggestions in Opposition. (Doc. 232). Mr. Robinson has failed to file a reply and thus the motion is now ripe for adjudication on the merits.

This case arises out of a failure of the rubber tile flooring installation at the Fort Lenoard Wood Hospital due to peaking seen on the job site after installation by non-party Flooring Systems, Inc. ("FSI"). On September 15, 2025, Defendant MAPEI filed a notice of intent to serve subpoena to Mr. Robinson to testify at a deposition on October 3, 2025, for the current action. Defendant MAPEI seeks to depose Mr. Robinson regarding his own knowledge of the conditions on the site of Fort Lenoard Wood and/or the lack of any effort to control those conditions at the site regarding the rubber tile flooring installation. Defendant MAPEI sought this information from FSI's corporate representative, Mr. Schnurbush, but Mr. Schnurbush was unable to identify the humidity or temperature conditions in a single room where the flooring installation took place during 2023 and prior to the peaking.

1

Plaintiff filed his Motion to Quash on September 29, 2025, arguing that Defendant MAPEI failed to serve him in accordance with Rule 45(b) by failing to tender the witness fee at the time of service. Mr. Robinson also argues that compliance with the subpoena would create an undue burden and expense and seeks duplicative information previously provided by FSI's corporate representative.

I.  **Witness Fee**

Federal Rule of Civil Procedure 45 governs Subpoenas. Specifically Federal Rule of Civil Procedure 45(b) governs the service of a subpoena. The rule states:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena request that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

Fed. R. Civ. P. 45(b)(1). Under 28 U.S.C. § 1821(b), a deponent "shall be paid an attendance fee of $40 per day for each day's attendance." "Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena." *Amy Elizabeth Krekelberg v. Anoka Cnty.*, No. 13-CV-3562 (DWF/TNL), 2017 WL 11573324, at *10 (D. Minn. Aug. 9, 2017) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2454 (3d ed. 2017)); *see, e.g., CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983) ("[T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."); *ARAMARK Corr. Serv., LLC v. Cook City.*, 2012 WL 3792225, at *2 (D.S.D. Aug. 31, 2012) (holding a subpoena was not properly served and, therefore, invalid, where only $23.33 was tendered at time of service); *see also Tribulak v. Minirth-Meier-Rice Clinic*, 111 F.3d 135 (8th

Cir. 1997) (table) (citing *CF & I Steel Corp*, 713 F.23d at 496, in holding that district court did not abuse discretion in quashing subpoenas which were not accompanied by the witness fee).

Defendant MAPEI concedes it failed to tender the fee for one day's attendance and the mileage allowed by law when serving the subpoena. However, Defendant MAPEI has since corrected the tending of fees and mileage. (Doc. 232-1). The Court finds that although Defendant MAPEI has fixed the technical error, the case law is clear that should the witnesses fee not be tendered when serving the subpoena, it renders the subpoena ineffective. As such, the Court will grant Mr. Robinson's Motion to Quash based on a failure to serve the subpoena in conformance with Federal Rule of Civil Procedure 45(b)(1). For the reasons stated, Mr. Robinson's Motion to Quash subpoena is **GRANTED**.

II. **Undue Burden and Expense**

The Court having already found that Defendant MAPEI's subpoena was ineffective will decline to analyze Mr. Robinson's argument regarding undue burden and expense.

## CONCLUSION

The Court hereby **GRANTS** Mr. Robinson's Motion to Quash Subpoena. Defendant MAPEI is free to reissue the subpoena and tender the requisite witness fee at the time of service if it so wishes to depose Mr. Robinson.

**IT IS SO ORDERED.**

Date: November 20, 2025

          */s/ Douglas Harpool*
          **DOUGLAS HARPOOL**
          **UNITED STATES DISTRICT JUDGE**